(32 Misc. Rep. 632.)

### COTTEW v. DUBE.

(City Court of New York, General Term. November 5, 1900.)

1. CONSTITUTIONAL LAW—TRIAL BY JURY—LIMITATION—ACTION AGAINST WAREHOUSEMEN.

Laws 1895, c. 633, providing that no warehouse company or person engaged in the business of storing goods shall be made a party defendant in any action concerning the title or possession of such goods, unless such company or person shall claim some right, title, or interest in the same, other than a lien for the lawful charges, is unconstitutional, as depriving the plaintiffs in such cases of the right of trial by jury.

2. SAME.

Laws 1895, c. 633, is unconstitutional, in that it ousts all the courts of the state of jurisdiction in actions against warehousemen claiming a lien on the property stored for storage charges.

Appeal from trial term.

Action by May Gwynn Cottew against Napoleon Dube. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and HASCALL, J.

Francis Lawton, for appellant.
Joseph I. Green, for respondent.

FITZSIMONS, C. J. The plaintiff, being the owner of certain chattels, stored the same with the defendant, who is in the business of a storage warehouseman. When it suited her purpose to do so, she demanded her goods from defendant, and, as she alleges, tendered all charges due thereon. Defendant admits the demand, and alleges that plaintiff refused to pay the storage charges, and therefore he refused to deliver the chattels claimed to her. The action came on for trial on June 20, 1900, a jury was sworn, and plain-

tiff's counsel opened the case to the jury. Defendant's counsel then moved to dismiss the complaint, as follows:

"I move now that this complaint be dismissed, and judgment directed for the defendant, on the ground that, under chapter 633 of the Laws of 1895, no such action as this will lie against a warehouseman. The proper party defendant should have been the party who stored the goods, and not the warehouseman. I call your honor's attention to the second subdivision of this act, which provides that 'no warehouse company or persons or person lawfully engaged in the business of storing goods, wares and merchandise for hire, shall be made a party defendant in any action concerning the title to or possession of any goods, wares or merchandise held on storage by such warehouse company, person or persons, unless such warehouse company, persons or person, so holding same on storage shall claim some right, title or interest of, in or to the same, other than a lien for the lawful charges growing out of the care and custody thereof.' In other words, the only instance in which a warehouseman can be made a party to an action of replevin is where his claim is for other than on a lien for storage."

The motion was granted, and plaintiff excepted. No testimony nor evidence was given in the action.

In our opinion, it was error for the trial justice to dismiss the complaint. The issues made by the pleadings should have been submitted to the jury in the usual manner. The statute referred to, in our judgment, is unconstitutional. The plaintiff had the right to have these issues tried by a jury. This right she is deprived of if the statute in question is good law. Furthermore, it ousts all the courts of the state of all jurisdiction in actions of this character. Apparently, under this statute, all that a storage warehouseman has to do is to fix any charges that he may deem proper, and call it a lawful and reasonable charge for storage, and then he is in a position to retain all goods stored with him, against the owner's will, until the charge so fixed by him is paid, although it may be excessive and extortionate. He is to be the sole judge of the reasonableness of such charges, and no one, not even a jury, has the right to question the same, and persons storing their goods have no legal remedy to recover the same. Every such avenue of relief is closed against them until they have submitted to, and complied with, the storageman's demands. We think that the statute is not good law.

The judgment must be reversed, and a new trial is ordered, with costs to appellant to abide event.

HASCALL, J., concurs.